**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**DUNG QUOC NGUYEN**                                                                       **PETITIONER**

**VS.**                                           **CIVIL ACTION NO.: 5:09-cv-202-DCB-JMR**

**UNITED STATES DEPARTMENT OF**
**HOMELAND SECURITY, and UNITED**
**STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES**                                                              **RESPONDENTS**

_____

**REPORT & RECOMMENDATION**
_____

This matter is before this Court on the Respondents' Motion [15-1] to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed on November 26, 2010. Respondents' motion is accompanied by a Memorandum [18-1] in Support thereof. To date, the Petitioner has not filed a Response in Opposition. Having considered the Respondents' Motion [15-1] and Memorandum [18-1] in Support, along with the entire record and the applicable law, this Court finds that Respondents' Motion [15-1] is well-taken and should be granted. Accordingly, Nguyen's petition in the above-captioned action should be dismissed.

**STATEMENT OF THE CASE**

On September 3, 1986, Petitioner, Dung Quoc Nguyen, was admitted to the United States as a refugee from Vietnam. (*See* Ex. "1" Attach. Mot. [19-1].) Nguyen came to America to join his mother, a naturalized United States citizen. *Id.* Both Nguyen and his mother claim that Nguyen's father is a natural born United States citizen who served in Vietnam as a military officer in the 1970's. *Id.* However, Nguyen admits that he has never met or spoken with his alleged father. (Pet.

[1-1] 2.)  Also, Nguyen concedes that his father has never provided him or his mother with financial support. *Id.*

On September 18, 2007, a district court in the Middle District of Florida sentenced Nguyen to sixty-three (63) months for pleading guilty to Conspiracy to Distribute and Possess with Intent to Distribute Methylenedioxymethamphetamine. (*See* Ex. "2" Attach. Mot. [19-2].)  Nguyen is currently serving his sentence at the Adams County Correctional Center in Washington, Mississippi. (Pet. [1-1] 1-3.)

On December 6, 2007, U.S. Immigration and Customs Enforcement ("ICE") issued a detainer for Nguyen, notifying the Federal Bureau of Prisons ("BOP") that ICE had initiated an investigation as to whether Nguyen was subject to removal proceedings. (*See* Ex. "3" Attach. Mot. [19-3].)  The detainer also requested that the BOP notify ICE if the BOP sought to release or transfer Nguyen. *Id.* On April 14, 2008, ICE served Nguyen with an Notice to Appear ("NTA") charging him with removability as an aggravated felon. (*See* Ex. "4" Attach. Mot. [19-4].)  Nguyen responded by writing a letter to ICE claiming to be a United States citizen through his mother's naturalization. (Pet. [1-1] 5.)  In addition, on August 15, 2008, Nguyen went before an Immigration Judge and claimed that he was a United States citizen. *Id.*  On September 10, 2008, Nguyen filed an Application for a Certificate of Citizenship on Form N-600 with U.S. Citizenship and Immigration Services ("USCIS"), seeking a certificate of citizenship. (Ex. "A" Attach. Pet. [1-1] 25-31.)  On October 9, 2008, on ICE's motion, the Immigration Judge dismissed Nguyen's NTA without prejudice because it was issued with the wrong alien number. (*See* Ex. "5" Attach. Mot. [19-5].)

On August 9, 2009, Nguyen filed an Application to Register Permanent Residence or Adjust Status on Form I-485, seeking to adjust his status from that of a refugee to that of a lawful permanent resident. (*See* Ex. "6" Attach. Mot. [19-6].)  On September 2, 2009, Nguyen properly re-filed his N-

600 with USCIS.[1] On December 12, 2009, Nguyen filed the instant Petition for Writ of Mandamus, asking this Court to declare that he is a United States citizen, lift his immigration detainer, and order him to be transferred to a prison facility with a specific drug rehabilitation program. (*See* Pet. [1-1].)

Since filing the instant Petition, USCIS denied his I-485 application for abandonment, and denied his N-600 application on the merits. (*See* Exs. "1," "6" Attach. Mot. [19-1, 19-6].)  On December 7, 2010, ICE re-initiated removal proceedings against Nguyen by serving him with an NTA with the proper alien number and charging him with removability as an aggravated felon. (*See* Notice [20-1].)  Respondents filed the present motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted on November 26, 2010.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a party may challenge the subject matter jurisdiction of the district court to hear a case. *See* FED. R. CIV. P. 12(b)(1).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, courts may evaluate: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the courts resolution of disputed facts. *See Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citing *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).  A court must accept all factual allegations in the plaintiff's complaint as true. *Id.*  The burden of establishing subject matter jurisdiction in federal court is on the party seeking to invoke it. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).  Accordingly, Plaintiff must prove that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).  "A case is properly dismissed for lack

---

[1] According to Nguyen's petition, it appears USCIS summarily denied his initial N-600 for failing to include the application fee. (Pet. [1-1] 6-7.)

of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. PCOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.*

## ANALYSIS

As the Motion to Dismiss for Lack of Subject Matter Jurisdiction attacks the Court's ability to make any determinations on the merits, the Court addresses it before turning to Respondents' Motion to Dismiss for Failure to State a Claim. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (holding that when a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits).

A.  Lack of Subject Matter Jurisdiction:

"A person generally may pursue a citizenship claim in two ways," affirmatively and defensively. *Lopez v. Holder*, 563 F.3d 107, 110 (5th Cir. 2009) (quoting *Rios-Valenzuela v. Department of Homeland Security*, 506 F.3d 393, 396 (5th Cir. 2007)). A claimant may apply for a Certificate of Citizenship with USCIS on a Form N-600 under 8 U.S.C. § 1452(a). *Rios-Valenzuela*, 506 F.3d at 397. If unsuccessful, the claimant may appeal to the Administrative Appeals Unit ("AAU") under 8 C.F.R. § 341.6, 103.3(a). *Id.* Only after seeking review with the AAU, and thereby exhausting administrative remedies, may a claimant under 8 U.S.C. § 1503(a) bring a declaratory judgment action in a district court for a declaration of citizenship. *Id.* n.4. However, this statute bars the Court from considering such a request where the plaintiff's status as a national of the United States "(1) arose by reason of, or in connection with any removal proceeding under the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding." 8

U.S.C. § 1503(a)(1); *see also Rios-Valenzuela*, 506 F.3d at 396-401.

Alternatively, a claimant may assert a claim of citizenship as a defense in removal proceedings. *Rios-Valenzuela*, 506 F.3d at 396-97. If the immigration judge rejects the defense and orders removal, the claimant must properly exhaust the administrative channels and appeal the decision to the Board of Immigration Appeals. *See* 8 C.F.R. § 1003.1(b). Further, if the Board also rejects the claim, the claimant must file a petition for review with the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Under 8 U.S.C. § 1252(b)(5), the court of appeals may decide the nationality claim or, if it finds a "genuine issue of material fact about the petitioner's nationality," the court of appeals must transfer the case to a district court for a "new hearing on the nationality claim." 8 U.S.C. § 1252(b)(5).

Therefore, this Court only has jurisdiction to review a derivative citizenship claim in two scenarios; (1) where a claimant files an N-600 outside the removal context, exhausts his administrative remedies, and files for a declaratory judgment pursuant to section 1503; or (2) where a court of appeals directly transfers an action to this Court. The record is clear that a court of appeals did not transfer the instant case to this Court, but rather, Nguyen initiated the present action by filing his Petition in this Court on December 2, 2009. (*See* Pet. [1-1].) Furthermore, it is undisputed that the issue of Nguyen's status as a national of the United States in this case arose after removal proceedings had commenced against him. In September 2007, Nguyen was sentenced in federal court to sixty-three (63) months for Conspiracy to Distribute and Possess with Intent to Distribute Methylenedioxymethamphetamine, and he is currently serving his sentence at the Adams County Correctional Center. On April 14, 2008, ICE served Nguyen with an NTA charging him with removability as an aggravated felon. (*See* Ex. "4" Attach. Mot. [19-4].) Thereafter, on September 10, 2008, Nguyen filed a Form N-600 with USCIS seeking a certificate of citizenship. (Ex. "A"

Attach. Pet. [1-1] 25-31.) The only issue is whether Nguyen's claim arose "by reason of, or in connection with" the removal proceedings. 8 U.S.C. § 1503(a)(1). The Fifth Circuit has held that:

> It is the context of how the particular issue of citizenship arose rather than the mere timing of events that determines the applicability of § 1503(a)(1)... The issue of [plaintiff's] citizenship that forms the basis of his claims here originates, at least, in connection with the removal proceedings. The N-600 application process is, as [plaintiff] argues, a proceeding separate from the removal proceedings. But...the exception focuses on the proceeding in which the particular claim to citizenship originates, not the proceeding in which it is being pursued.

*Rios-Valenzuela*, 506 F.3d at 398.

Respondents argue, and this Court agrees, that Nguyen's citizenship claims "arose by reason of, or in connection with [a] removal proceeding," and thus, this Court does not have subject matter jurisdiction. 8 U.S.C. § 1503(a)(1). ICE served Nguyen with an NTA on April 14, 2008. (*See* Ex. "4" Attach. Mot. [19-4].) Thereafter, on August 15, 2008, Nguyen asserted his claims of citizenship as a defense against removal to an Immigration Judge. (Pet. [1-1] 5.) Subsequently, on September 10, 2008, Nguyen filed an N-600 application for a certificate of citizenship. (Ex. "A" Attach. Pet. [1-1] 25-31.) In September 2009, Nguyen properly re-filed his N-600 application as it appears he failed to include the application fee with his first N-600 form. (Pet. [1-1] 5-7.) A review of the record reveals that Nguyen's citizenship claims clearly originated in response to ICE's initiation of removal proceedings; therefore, section 1503(a)(1) precludes this Court from exercising subject matter jurisdiction.

Furthermore, this Court notes that ICE's initial NTA was dismissed without prejudice because it contained the wrong alien number. (*See* Ex. "5" Attach. Mot. [19-5].) However, as Respondents correctly note, "it is the context of how the particular issue of citizenship arose rather than the mere timing of the events that determines the applicability" of section 1503(a)(1). *Rios-*

*Valenzuela*, 506 F.3d at 398. Nguyen initiated his citizenship claims as a result of ICE's allegations of his removability and initiation of removal proceedings against him. Regardless of the original NTA's dismissal, on December 7, 2010, ICE again initiated removal proceedings by serving Nguyen with an NTA, and therefore, this Court lacks jurisdiction since Nguyen's citizenship claims are in issue in current removal proceedings. (*See* Ex. "A" Attach. Notice [20-1]; *see also* 8 U.S.C. § 1503(a)(2).)

In addition, Nguyen has not exhausted his administrative remedies. USCIS denied his N-600 application for a certificate of citizenship on June 4, 2010, however, there is no evidence in the record that Nguyen appealed this decision to the AAU. (*See* Ex. "1" Attach. Mot. [19-1].) As previously stated, section 1503(a) "requires that there be a denial of a right, such that all administrative remedies have been exhausted before coming to the Court for intervention." *Manning v. Rice*, 2008 WL 2008712, at *4, 2008 U.S. Dist. LEXIS 8847 at *6 (E.D. Tex., May 2, 2008); *see also Rios-Valenzuela*, 506 F.3d at 397 n.4 ("A person must exhaust the agency procedures."). Therefore, for the reasons and analysis discussed *supra*, this Court finds that it does not have subject matter jurisdiction to review Nguyen's claims of citizenship.[2]

B.  Failure to State a Claim:

Respondents assert that even if this Court were to find that it had jurisdiction, Nguyen's

---

[2]In addition, this Court agrees with Respondents that it does not have subject matter jurisdiction under the Mandamus Act or the Administrative Procedures Act also due to Nguyen's failure to exhaust his administrative remedies. (Mem. [18-1] 7 n.2.) Mandamus jurisdiction cannot exist unless the plaintiff demonstrates that no other adequate remedy is available to him, that is, he has exhausted all other avenues of relief. *Slone v. Secretary of Health & Human Services*, 825 F.2d 1081, 1083 (6th Cir. 1987); *see also Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.), cert. denied 449 U.S. 832, 66 L. Ed. 2d 37, 101 S. Ct. 100 (1980). Further, "[i]f there is no 'final agency action,' as required by the controlling statute, a court lacks subject matter jurisdiction." *American Airlines, Inc. v. Herman*, 176 F.3d 283, 287 (5th Cir. 1999) (quoting *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). Thus, this Court does not have subject matter jurisdiction under either the Mandamus Act or the Administrative Procedures Act.

Petition still fails to state a claim for which relief may be granted. (Mem. [18-1] 9.)  This portion of Respondents' motion is governed by Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for a dismissal where the plaintiff has failed to state a claim upon which relief can be granted.  Motions to dismiss under Rule 12(b)(6) are appropriate only when a complaint fails to state a legally cognizable claim. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. *Cloud v. United States*, 536 U.S. 960, 122 S. Ct. 2665, 153 L. Ed. 2d 839 (2002). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

Nguyen carries the burden of establishing that he is a United States citizen by a preponderance of the evidence. *Patel v. Rice*, 403 F. Supp. 2d 560, 562 (N.D. Tex. 2005) (citing *Reyes v. Neely*, 264 F.2d 673, 674-75 (5th Cir. 1959)).  Respondents submit, and this Court agrees, that Nguyen has failed to state a prima facie case for derivative citizenship through either his mother or his putative father.

First, Nguyen has not sufficiently alleged facts that establishes he derived citizenship from his mother's naturalization. (*See* Pet. [1-1].)  At all times relevant to Nguyen's citizenship claim, a foreign-born child could only derive citizenship through his or her mother's subsequent naturalization if: (1) the mother's naturalization took place while the child was under eighteen; and (2) the child is residing in the United States "pursuant to a lawful admission of permanent residence" at the time of naturalization or after the naturalization, if thereafter the child begins to reside permanently in the United States while under the age of eighteen. 8 U.S.C. § 1432(a) (2000).[3]

---

[3]The Court notes that in 2001 Congress repealed 8 U.S.C. § 1432 (2000) and replaced it with the Child Citizenship Act of 2000. *See Nehme v. INS*, 252 F.3d 415, 430-31 (5th Cir. 2001).  However, the former version controls Nguyen's claim because it was in effect during all relevant times - Nguyen's

In the present case, Nguyen has not alleged that he became a lawful permanent resident of the United States prior to the age of eighteen. (*See* Pet. [1-1].) Nguyen admits that his mother moved to the United States in 1983 and became a naturalized U.S. citizen on April 8, 1986. *Id.* at 4. Thereafter, Nguyen claims that he came to the U.S. in July of 1986 at the age of twelve. *Id.* However, respondents note that Nguyen was admitted as a refugee, but that refugee status is not a "lawful admission for permanent residence." (Mem. [18-1] 11.) Rather, after a year of physical presence within the United States, a refugee may apply for permanent residence, but this change in status in not automatic. *See* 8 U.S.C. § 1159. By Nguyen's own admission, he did not apply for status as a permanent resident until 2008, well after he turned eighteen. (Pet. [1-1] 4-6.) Also, the Court notes that Nguyen has not alleged that anything prevented him from filing earlier. (*See* Pet. [1-1].) Therefore, this Court finds that Nguyen has failed to make a valid claim for derivative citizenship through his mother.

As to Nguyen's putative father, Nguyen has not alleged that his father legitimated him before he turned eighteen. (*See* Pet. [1-1].) If this Court were to accept Nguyen's claim that his alleged father was a qualifying United States citizen, then to acquire derivative citizenship as a child born out of wedlock overseas to a United States father, Nguyen must show:

> (1) a blood relationship between the person and the father is established by clear and convincing evidence,
> (2) the father had the nationality of the United States at the time of the person's birth,

---

birth, his move to the United States, and his eighteenth birthday. *See e.g., Baguet v. Ashcroft*, 398 F.3d 252, 257 n.3 (3rd Cir. 2005); *Bustamante-Barrera v. Gonzalez*, 447 F.3d 388, 390 n.1 (5th Cir. 2006). Further, the new provision is not retroactive. *Nehme*, 252 F.3d at 430-33. However, Nguyen would still not benefit from the new provision because it, like the former section 1432(a), also requires a foreign born child to acquire lawful permanent resident status prior to turning eighteen. 8 U.S.C. § 1431(a)(3). Thus, regardless of the version of the statute, Nguyen has not alleged facts sufficient to establish derivative citizenship from his mother's naturalization since he has not even alleged lawful admission of permanent resident status. (*See* Pet. [1-1].)

>    (3) the father (unless deceased) has agreed in writing to provide financial support for the person until the person reaches the age of 18 years, and
>    (4) while the person is under the age of 18 years -
>        (A) the person is legitimated under the law of the person's residence or domicile,
>        (B) the father acknowledges paternity of the person in writing under oath, or
>        (C) the paternity of the person is established by adjudication of a competent court.

8 U.S.C. § 1409(a).[4]

In the present case, Nguyen has failed to allege with sufficient facts that a blood relationship with his alleged father can be established by clear and convincing evidence. (*See* Pet. [1-1].) Nguyen claims that a U.S. Marine by the name of Mac Miller was stationed in Vietnam during the 1970's, and that this marine had relations with his mother. *Id.* at 4.  Nguyen claims that his mother became pregnant by Mr. Miller in October of 1973 and that Mr. Miller returned to the United States in May of 1974, before Nguyen was born. *Id.*  Nguyen notes that neither he nor his mother have had any contact with Mr. Miller since he left Vietnam and returned to the United States. *Id.*  Nguyen acknowledges that he has never met or spoken with his father, and that his father has never provided Nguyen or his mother with any financial support. *Id.*  Also, Nguyen has not alleged that his father has ever legitimated him. *Id.*  Therefore, this Court finds that Nguyen has failed to state a facially legitimate claim for derivative citizenship through his putative father's United States citizenship.

Nguyen also requests this Court to order Respondents to transfer him to a different correctional facility with a particular drug rehabilitation program.  However, Nguyen is in the

---

[4]This provision was amended in 1986. *See Chau v. U.S. Dept. Homeland Security*, 424 F. Supp. 2d 1159, 1166-67 (D. Ariz. 2006); *Nguyen v. INS*, 533 U.S. 53, 59-61 (2001).  Respondents correctly note that under the transitional rules announced with the amendments, the new provision applies to Nguyen, because he was only fourteen at the time the new provision took effect. *See* 1986 Acts. Section 23(e) of P. L. 99-653, as added Oct. 24, 1988, P. L. 100-525, § 8(r), 102 Stat. 2619 ("[T]he new section [1409(a)] shall apply to persons who have not attained 18 years of age as of the date of enactment of this Act [Nov. 14, 1986].").

custody of the BOP while he completes his criminal sentence, not the Respondents' custody. *See* 18 U.S.C. § 3621.  Further, Nguyen has not cited any authority which reveals that DHS or USCIS has the power to transfer him to a different BOP facility. (*See* Pet. [1-1].)  In order to challenge his physical confinement in a habeas petition, Nguyen must petition the proper party, the party with custody over him. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (finding the proper respondent in a habeas action is the "person who has custody over the petitioner").  Therefore, the Court finds that Nguyen's claim for a transfer fails to state a claim upon which relief may be granted.

Lastly, the Court notes that Nguyen has failed to state a claim for a writ of mandamus. "Mandamus is an extraordinary remedy, available only where government officials clearly have failed to perform nondiscretionary duties." *Dunn-McCampbell Royalty Interest, Inc. v. Nat'l Park Serv.*, 112 F.3d 1283, 1288 (5th Cir. 1997) (citations omitted).  For a petitioner to be successful in his request for a writ of mandamus he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (citing *United States v. O'Neil*, 767 F.2d 1111, 1112 (5th Cir. 1985) (citations omitted)).  Nguyen has failed to demonstrate a clear right to any relief.  As discussed *supra*, he has failed to demonstrate that he is entitled to a declaration of citizenship as a derivative United States citizen.  Nguyen has not cited any authority to show that ICE must remove its immigration detainer or that said detainer is invalid.  Also, Nguyen has not shown a clear right to be transferred to a correctional facility with a preferred drug rehabilitation program or that either Respondent even has the authority to transfer him to a different facility.  Thus, Nguyen's Petition for a writ of mandamus must fail.

As previously noted, Nguyen has failed to respond to the Respondents' Motion [15-1] to Dismiss; therefore, he has failed to present any argument against Respondents' claims.  Based on

the foregoing analysis, the Court finds that it does not have subject matter jurisdiction to hear Nguyen's claims. Furthermore, even if this Court were to have jurisdiction, Nguyen has failed to state a legally sufficient claim under Rule 12(b)(6) for derivative citizenship, a prison transfer, or removal of his immigration detainer. Thus, Nguyen's Petition [1-1] for writ of mandamus should be dismissed.

### **RECOMMENDATION**

It is the recommendation of this Court that Respondents' Motion [15-1] to Dismiss be granted and Nguyen's Petition [1-1] for Writ of Mandamus should be dismissed based upon this Court's lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), or in the alternative, for failure to state a claim upon which relief may be granted under Rule 12(b)(6). In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

THIS the   21st   day of January, 2011.

s/ John M. Roper, Sr.
CHIEF UNITED STATES MAGISTRATE JUDGE